IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:21-cv-00046-MR-WCM

| | |
|---|---|
| JULIE O. MORETZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This matter is before the court on Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Judgment on the Pleadings (Docs. 15, 17), which have been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.[1]

I. Procedural Background

In December of 2017, Plaintiff Julie O. Moretz ("Plaintiff") filed applications for disability insurance benefits and supplemental security income alleging disability beginning on November 26, 2017. Transcript of the Administrative Record ("AR") 234-243; 244; 247; 250-251.

---

[1] The Commissioner has filed a Motion for Judgment on the Pleadings, and a "Memorandum in Support of the Commissioner's Motion for Summary Judgment." See Doc. 18.

1

On November 27, 2019, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 16-35. That decision is the Commissioner's final decision for purposes of this action.

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "lumbar degenerative disc disease; unspecified arthropathies; [and] anxiety disorder." AR 21. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform medium work…except the claimant can stand and walk for six hours in an eight hour workday, and sit for six hours in an eight hour workday; occasionally climb ladders, ropes, or scaffolds; frequently handle or finger with the left upper extremity; must avoid concentrate[d] exposure to fumes, dust, odors, gasses, and poor ventilation; can understand, remember, and carry out very short simple instructions; can frequently respond appropriately to changes in the work settings during an eight hour workday; can maintain attention and concentration for two hour segments over the course of an eight hour workday, time off task during the workday can be accommodated by normal breaks.

AR 24-25.

Applying this RFC, the ALJ found that Plaintiff had the ability to perform her past relevant work as a fast-food worker, as well as other jobs that

2

exist in significant numbers in the national economy such that Plaintiff was not disabled during the relevant period. AR 25-26.

## III. Plaintiff's Allegations of Error

Plaintiff argues that the ALJ did not correctly consider certain opinion evidence or evaluate Plaintiff's symptoms appropriately.

## IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper

3

legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

V. Discussion

A. Consideration of Opinion Evidence

In developing Plaintiff's RFC, the ALJ found that the opinions of state agency consultants Dr. Venkatasubramanian SankarKumar and Dr. E. Woods were persuasive. These doctors both concluded that Plaintiff had the ability to occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds,[2] stand and/or walk for six hours in an eight-hour day, and sit for six hours in an eight-hour day. AR 69, 84, 103, 121-122. Dr. Woods additionally found that Plaintiff could occasionally climb ladders, ropes, or scaffolds, and had manipulative limitations with respect to her left hand. AR 104-105, 122-123.

---

[2] These limitations are consistent with the definition of "medium" work as set forth in the regulations. See 20 C.F.R. §§ 404.1567(c); 416.967(c).

4

Plaintiff's RFC includes limitations consistent with those discussed by these doctors. AR 24.

In contrast, one of Plaintiff's treating providers, nurse practitioner Pamela Sloop, indicated in a Medical Source Statement that Plaintiff could stand or walk for "0-2" hours in an eight-hour day, sit for 4 hours in an eight-hour day, never lift 50 pounds, and could use her right and left hands, fingers, and arms 10% of the time during an eight-hour workday. AR 431-432. The ALJ did not find NP Sloop's opinion to be persuasive. AR 28.

Plaintiff argues that the ALJ erred in relying on the opinions of Dr. SankarKumar and Dr. Woods rather than the opinion of NP Sloop because NP Sloop's opinion is supported by the opinion of Dr. Aregai Girmay, a consultative physician who conducted an examination of Plaintiff. Additionally, Plaintiff contends that the ALJ should have discussed how medical records that post-date the state agency consultants' opinions (including those related to a May 2019 left foot and ankle surgery) related to those opinions.[3]

---

[3] Dr. Girmay's report is based on his March 17, 2018 evaluation of Plaintiff. Dr. SankarKumar issued an opinion on April 30, 2018, NP Sloop completed the medical source statement on August 16, 2018, and Dr. Woods issued an opinion on August 22, 2018. In forming their opinions, Dr. SankarKumar and Dr. Woods reviewed Dr. Girmay's report. See AR 65-66; 81; 99; 117. It is not apparent, however, that Dr. SankarKumar and Dr. Woods reviewed the medical source statement completed by NP Sloop.

For applications filed on or after March 27, 2017, such as Plaintiff's, the Administration has changed how adjudicators assess medical opinions and prior administrative medical findings. See 82 Fed. Reg. 5844-01; 20 C.F.R. § 404.1520c(a)); 20 C.F.R. § 416.920c(a).[4] Specifically, an ALJ is now required to consider and articulate in the administrative decision how persuasive he or she finds each medical opinion or prior administrative medical finding to be. 20 C.F.R. §§ 404.1520c(a)); 416.920c(a). In that regard, the regulations list numerous factors that are considered, as appropriate, with "supportability" and "consistency" being the most important. See 20 C.F.R. §§ 404.1520c(a) & (c); 416.920c(a) & (c). "Supportability is an internal check that references objective medical evidence and supporting explanations that come from the source itself. Consistency is an external check that references evidence from other medical and nonmedical sources." Bright v. Saul, No. 1:19CV504, 2020 WL 4483008, at *2 (M.D.N.C. Aug. 4, 2020).

Here, the ALJ found Dr. SankarKumar's and Dr. Woods' opinions that Plaintiff was capable of "medium" work persuasive and explained that those

---

[4] The revised regulations define a "prior administrative medical finding" as a "finding, other than the ultimate determination about whether you are disabled, about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review…in your current claim based on their review of the evidence in your case record." See 20 C.F.R. §§ 404.1513(a)(5); 416.913(a)(5). Prior administrative medical findings include state agency consultant findings regarding the severity of a claimant's symptoms, whether a claimant's impairments meet or medically equal a listing, and a claimant's residual functional capacity. Id.

6

opinions were consistent with the medical evidence. In making this determination, the ALJ cited Plaintiff's medical records, as well as Dr. Girmay's findings. See AR 27-28 (citing AR 391-396 (March 17, 2018 physical evaluation by Dr. Girmay noting antalgic gait and poor balance but negative straight leg raises and ability to walk 100 feet without difficulty); AR 412-424 (April and May 2018 x-rays showing mild degenerative changes in Plaintiff's left hand, normal right hand, and unremarkable lumbar); AR 547-1052;[5] AR 1222-1237 (July 25, 2019 medical record reflecting tender joints in Plaintiff's left hand, foot, hip, ankle, and both knees, x-ray showing osteoarthritis in the right knee and degenerative changes in both hands, both wrists, right foot, and lumbar spine and that Plaintiff was prescribed meloxicam).

Conversely, the ALJ explained that she was not persuaded by NP Sloop's opinion because although "[t]he record evidence notes osteoarthritis and degenerative changes," "the findings were not significant" and Plaintiff "was able to perform many activities of daily living despite her conditions with the aid of pain management." AR 28. In reaching this conclusion, the ALJ cited the same diagnostic and treatment records discussed above as well as additional

---

[5] Although the ALJ cited to a large portion of the administrative record here, earlier in her opinion the ALJ cited specific portions of these records. See AR 26 (citing AR 675 and AR 916-917 and noting "minimal degenerative changes" in Plaintiff's right-hand x-ray in October 2018 and Plaintiff's May 2019 surgery to correct a deformity of Plaintiff's left greater toe and clawing of lesser toes).

7

Case 5:21-cv-00046-MR-WCM    Document 20    Filed 08/10/22    Page 7 of 14

treatment records and Plaintiff's self-reported limitations. AR 28 (citing, in addition to the records cited above, AR 320-327 (Adult Function Report in which Plaintiff reported she takes care of her grandchildren and helps get them to school); AR 381-385 (January 31, 2018 psychological evaluation noting that Plaintiff stopped working in December 2017 because she was laid off when the business was remodeling); AR 502-545 (December 11, 2018 – July 15, 2019 pain management medical records); AR 1244-1257 (July 11, 2019 – August 12, 2019 pain management medical records)).

Additionally, Plaintiff argues that the ALJ erred by failing to discuss how medical records post-dating the opinions of Dr. SankarKumar, Dr. Woods, and NP Sloop "relate[d] to the opinion evidence." Doc. 16 at 8. However, the ALJ did consider Plaintiff's subsequent medical records. See AR 26. Further, Plaintiff does not explain what additional functional limitations should have been included in her RFC based on this evidence, which includes notations indicating Plaintiff's improvement following surgery and "minimal issues" as shown on x-rays. See Doc. 16 at 8 (citing AR 961 (operative note); AR 1185 (May 29, 2019 follow up reflecting that Plaintiff was "minimally symptomatic" after surgery and was ambulating with a "fracture shoe")); AR 1233 (July 25, 2019 x-ray which, according to Plaintiff, "showed minimal issues" in Plaintiff's hands, hips, knees, and ankles)).

8

Case 5:21-cv-00046-MR-WCM   Document 20   Filed 08/10/22   Page 8 of 14

The substantial evidence standard "'presupposes…a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.'" Dunn v. Colvin, 607 Fed. Appx. 264, 274 (4th Cir. 2015) (quoting Clarke v. Bowen, 843 F.2d 271, 272-273 (8th Cir. 1988)). Additionally, an ALJ may rely on the opinions of state agency consultants when those opinions are consistent with the evidence, including evidence that post-dates the opinions. See Tanner v. Commissioner of Social Security, 602 Fed. Appx. 95, 101 (4th Cir. 2015) (unpubl.) ("'the testimony of a nonexamining physician can be relied upon when it is consistent with the record'") (quoting Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)); see also Hunter, 2020 WL 6582497 at *9 ("the consistency of state agency consultants' opinions with the record as a whole, including those records post-dating such opinions, constitutes the proper focus of the inquiry") (emphasis in original); Thacker v. Astrue, No. 3:11CV246, 2011 WL 7154218, at *6 (W.D.N.C. Nov. 28, 2011) ("The fact that the state agency physician did not have access to the entire evidentiary record — because the record was incomplete at the time of the assessment — is inconsequential as … there is nothing in the additional medical evidence subsequently submitted by Plaintiff to indicate that she possessed limitations beyond [the state agency consultant's RFC]") (internal citation omitted), recommendation adopted, 2012

WL 380052 (W.D.N.C. Feb. 6, 2012); Bracey v. Astrue, No. 5:07CV265, 2009 WL 86572, at *3 (E.D.N.C. Jan. 6, 2009) (finding no error in ALJ's reliance on state agency consultants' opinions where "treatment notes and clinical findings ... submitted after [their] assessments indicate[d] similar complaints and assessments as those [they] reviewed" and noting that the ALJ considered that additional evidence, which did "not demonstrate a marked change for the worse in [the] plaintiff's health").

Here, the ALJ explained the basis for her treatment of the opinions of Dr. SankarKumar, Dr. Woods, and NP Sloop adequately, and the undersigned is not persuaded that the ALJ erred in relying on the opinions of Dr. SankarKumar and Dr. Woods when developing Plaintiff's RFC. See Petty v. Saul, No. 1:19-cv-00012-FDW, 2020 WL 1441436, at *4 (W.D.N.C. March 20, 2020) ("The ALJ considered Dr. Ocloo's opinion in light of the rest of the record and decided it warranted 'some' weight. The ALJ provided substantial evidence for her weight determination; therefore, the Court will not disturb the ALJ's decision").

### B. Plaintiff's Subjective Symptoms

When evaluating a claimant's symptoms, an ALJ must use the two-step framework set forth in 20 C.F.R. §§ 404.1529 and/or 416.929 and SSR 16-3p, 2016 WL 1119029 (March 16, 2016).

First, the ALJ must determine whether objective medical evidence presents a "medically determinable impairment" that could reasonably be expected to produce the claimant's alleged symptoms. See 20 C.F.R. § 404.1529(b); SSR 16-3p, 2016 WL 1119029, at *3.

Second, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled. See 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 WL 1119029, at *4. The Fourth Circuit has consistently recognized that "[a]t this step, objective evidence is not required to find the claimant disabled." Arakas v. Commissioner, Social Security Administration, 983 F.3d 83, 95 (4th Cir. 2020). In evaluating the intensity, persistence and limiting effects of an individual's symptoms, an ALJ is to consider factors such as the individual's medical history, treatment history, and daily activities. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 2016 WL 1119029 (Mar. 16, 2016) (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

In this case, Plaintiff appears to take issue with the ALJ's determination that Plaintiff's pain was treated "with pain management and non-steroidal anti-inflammatory drug[s]" and that Plaintiff's symptoms and functional limitations were not as severe as alleged by Plaintiff based, at least in part, on "several inconsistent statements." See Doc. 16 at 9; AR at 27.

11

Case 5:21-cv-00046-MR-WCM Document 20 Filed 08/10/22 Page 11 of 14

With respect to Plaintiff's pain management, although the ALJ cited to rather large portions of the medical records (as opposed to specific individual records), it appears that the ALJ correctly noted that Plaintiff was treated for her chronic pain using non-steroidal anti-inflammatory drugs and pain management. See AR 1244-1257 (indicating Plaintiff was prescribed Subutex, a synthetic opioid, and reported that pain treatment and medication provided "70%" relief); AR 1222-1237 (indicating Plaintiff was prescribed meloxicam, a non-steroidal anti-inflammatory drug in response to "chronic pain syndrome").

Additionally, although Plaintiff takes issue with the ALJ's characterization of Plaintiff's statements as "inconsistent," the ALJ cited evidence in the administrative record supporting that description. See AR 27 (citing AR 306 & 323 (adult function reports wherein Plaintiff stated she does not drive); AR 382-383 (January 31, 2018 psychological evaluation indicating Plaintiff has a driver's license and drives regularly, and that she was laid off from her last job when "the business 'closed the dining room and remodel[ed]' and she 'thought it was the best time to go ahead and file for disability'").

Accordingly, a review of the ALJ's decision indicates that the ALJ considered Plaintiff's medical and treatment history, as well as Plaintiff's daily activities. Under these circumstances, the undersigned is not left to guess at the foundations for the ALJ's conclusions and finds that the ALJ explained her determination regarding Plaintiff's subjective complaints adequately. See

12

Brown v. Commissioner Social Security Administration, 873 F.3d 251, 269 (4th Cir. 2017) ("the ALJ must build an accurate and logical bridge from the evidence to his conclusion that [the claimant's] testimony was not credible") (internal quotations and citations omitted).

### VI. Recommendation

The undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. 15) be **DENIED**, and that the Commissioner's Motion for Judgment on the Pleadings (Doc. 17) be **GRANTED.**

Signed: August 10, 2022

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).